# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 5:07-cr-00242-02

BRITTANY COOK,

        Defendant.

## REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On August 26, 2009, and September 21, 2009, the Defendant, Brittany Cook, appeared in person and by counsel, Edward H. Weis, AFPD, for hearings on the *Report on Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at both hearings by John L. File, AUSA. United States Probation Officer Amy Berry-Richmond was also present at the hearings.

On July 14, 2008, the Defendant was sentenced to a term of imprisonment of six months home confinement less time served, to be followed by a 3-year term of supervised release. On September 22, 2008, the term of supervised release was revoked at which time the Defendant was sentenced to a term of imprisonment of 6 months to be followed by a 30-month term of supervised release. The Defendant began serving the term of supervised release on March 2, 2009. On July 27, 2009, the *Report on Offender Under Supervision* [Docket 110] was filed charging the Defendant with violating certain conditions of supervised release. An *Amendment to Violation Report* [Docket 119] was filed on August 10, 2009.

At the hearings, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Report* and the *Amendment*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Report* and the *Amendment*, specifically:

1. **Violation of special condition of supervised release entered on September 23, 2008 that directed the defendant be placed in the six-month in-patient portion of the Mother's Program at Pinecrest/FMRS, in Beckley, West Virginia. Furthermore, the Court directed the defendant to successfully complete the program and comply with all of the program's rules and regulations**: [The defendant] failed to complete the Mother's Program or comply with the rules of the program, as Ordered by the Court.

2. **Violation of standard condition number 2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month**: [The defendant] failed to submit her written monthly report, or verbally report in to the probation officer during June, 2009.

3. **Violation of standard condition number 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer**: [The conduct set forth in violation number two is re-alleged]. In addition, the [defendant] was directed to notify [her probation] officer ten days prior to any change in residence or employment; however, she failed to notify [her probation] officer of her change in residence or her current address. [At the time of the filing of the *Report on Offender Under Supervision*, t]he defendant's whereabouts [were] unknown.

4. **Violation of standard condition number 6: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment**: [The conduct set forth in violation number three is re-alleged].

5. **Violation of unnumbered standard condition: The defendant shall not commit another Federal, state, or local crime**: The [defendant] was charged on June 26, 2009 in Raleigh County, West Virginia, with the felony offense of uttering counterfeit currency, in violation of West Virginia State Code 61-4-3.

In making these findings, the Court relied upon the information contained in the *Report* and the *Amendment* and the Defendant's admission that she committed the violations contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **TIME SERVED** as of the date the Defendant is accepted into an in-patient drug treatment program as more fully set forth below. In connection with the same, it is **ORDERED** that the Defendant remain in custody pending her placement into the drug treatment program. The Probation Office is **DIRECTED** to advise the Court when the Defendant is accepted into the drug treatment program, at which time the Court will enter a subsequent order directing the Defendant's release from custody. Upon release from prison, the Defendant shall be placed on supervised release for a term of **24 MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. In addition, the Defendant shall comply with the following **SPECIAL CONDITIONS OF SUPERVISED RELEASE**:

1. Upon her release from custody, the Defendant shall participate in a **six month** in-patient drug treatment program through Renaissance.  The Defendant shall participate in this program at one of the following locations:

    > Mattie V. Lee
    > 810 Donnally Street
    > Charleston, WV  25301

    > Renaissance Place
    > 1856 8th Avenue
    > Huntington, WV  25703

    The Defendant shall successfully complete this program and comply with all of the program's rules and regulations.  The Defendant shall reside at the treatment center at all times, and shall not leave the treatment center without the advance approval of her probation officer; and

2. Upon her release from the aforesaid drug treatment program, the Defendant shall report directly to transitional housing at such facility as recommended by the Probation Office and approved by the Court, with preference being given to a facility in Charleston, West Virginia.  The Defendant shall reside at the transitional housing facility for a period of **six months**.  During this period, the Defendant shall comply with all of the facility's rules and regulations.  The Defendant shall reside at the transitional housing facility at all times, and shall not leave the facility without the advance approval of her probation officer.

As more fully set forth above, the Defendant is remanded to the custody of the United States Marshal and shall remain in custody pending her placement into a drug treatment program.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 29, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE